## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

Consumer Financial Protection Bureau
and the People of the State of New
York, by Letitia James, Attorney
General for the State of New York,

          Plaintiffs,

    v.

Douglas MacKinnon, Amy MacKinnon,
Mary-Kate MacKinnon, and Matthew
MacKinnon,

          Defendants.

**COMPLAINT**

The Consumer Financial Protection Bureau (the Bureau) and the People of the State of New York, by Letitia James, Attorney General for the State of New York (the State of New York) (together, the Government Plaintiffs), bring this action against Douglas MacKinnon, Amy MacKinnon, Mary-Kate MacKinnon, and Matthew MacKinnon and allege as follows.

### INTRODUCTION

1.   This action seeks to unwind Douglas MacKinnon's fraudulent conveyance of real property for nominal consideration to his wife, Amy MacKinnon, and daughter, Mary-Kate MacKinnon, which took place shortly after he learned that he was under investigation by the Government Plaintiffs for his illegal debt-collection activities.

2.    Beginning in 2014, Douglas MacKinnon learned that companies he controlled were under investigation by the Bureau. Specifically, on or about March 13, 2014, the Bureau served a Civil Investigative Demand (CID) on Northern Resolution Group, LLC, one of Douglas MacKinnon's debt-collection companies and a defendant in the underlying lawsuit.

3.    In 2014, the Bureau served several additional CIDs on companies affiliated with Douglas MacKinnon.

4.    After receiving the Bureau's CIDs to companies he controlled, Douglas MacKinnon fraudulently conveyed real property to his wife and daughter for one dollar in consideration.

5.    On November 2, 2016, the Government Plaintiffs sued Douglas MacKinnon and others for running a large-scale debt-collection operation that used illegal tactics to extort money from consumers.

6.    On August 23, 2019, the United States District Court for the Western District of New York entered a Stipulated Final Judgment and Order (the Judgment) against MacKinnon and others. The Judgment imposed an injunction and ordered redress and a civil money penalty against MacKinnon totaling $60,000,000. *See CFPB, et al. v. MacKinnon, et al.*, 16-cv-00880 (W.D.N.Y.). A copy of the Judgment is attached as Exhibit 1.

7.    The Bureau brings this action to void the fraudulent conveyance under 28 U.S.C. § 2201 and 28 U.S.C. Chapter 176, the Federal Debt Collection Procedures Act of 1990.

8.   The State of New York brings this action under 28 U.S.C. § 2201, Article 10 of the New York Debtor and Creditor Law (DCL), and Article 52 of the New York Civil Practice Law and Rules (CPLR).

## JURISDICTION AND VENUE

9.   This Court has subject-matter jurisdiction over the Bureau's claims because this action presents a federal question, 28 U.S.C. § 1331, and is brought by an agency of the United States, 28 U.S.C. § 1345.

10.  This Court has subject-matter jurisdiction over the State of New York's claims under 28 U.S.C. §§ 1331 and 1367.

11.  Venue is proper in this District under 28 U.S.C. § 1391.

## PARTIES

12.  The Bureau is an agency of the United States charged with regulating the offering and provision of consumer-financial products or services under "Federal consumer financial laws," 12 U.S.C. § 5491(a). The Bureau has independent litigating authority. 12 U.S.C. § 5564.

13.  The State of New York is one of the 50 sovereign states of the United States.

14.  Defendant Douglas MacKinnon is a natural person residing at 6575 Meghan Rose Way, East Amherst, New York 14051 and is a judgment debtor of the Government Plaintiffs.

15. Defendant Amy MacKinnon is a natural person residing at 6575 Meghan Rose Way, East Amherst, New York 14051 and is Douglas MacKinnon's wife.

16. Defendant Mary-Kate MacKinnon is a natural person residing at 6575 Meghan Rose Way, East Amherst, New York 14051 and is Douglas MacKinnon's daughter.

17. Defendant Matthew MacKinnon is a natural person residing at 1523 East Avenue, Rochester, New York 14610 and is Douglas MacKinnon's brother.

## FACTS

18. Douglas MacKinnon was, until entry of the Judgment, the head of a debt-collection enterprise who made millions of dollars by inflating the balances of debts owed and encouraging collectors acting at his behest to use illegal tactics.

19. The Government Plaintiffs' allegations of Douglas MacKinnon's illegal debt-collection tactics were resolved by the Court's August 23, 2019 entry of the $60,000,000 Judgment against him and his businesses.

20. On December 19, 2019, the Government Plaintiffs filed an Abstract of Judgment with the Erie County Clerk. A copy of the Abstract of Judgment is attached as Exhibit 2.

21. Douglas MacKinnon has paid nothing toward satisfying the Judgment.

22. Douglas MacKinnon and Amy MacKinnon jointly owned, as tenants by the entirety, real property located at 6575 Meghan Rose Way, East Amherst, New York 14051 (the Property).

4

23.  Douglas MacKinnon transferred his interest in the Property to his wife, Amy MacKinnon, and daughter, Mary-Kate MacKinnon, for the sum of one dollar by quitclaim deed dated April 22, 2015. The quitclaim deed was recorded with the Erie County Clerk on May 13, 2015.

24.  A copy of the quitclaim deed is attached as Exhibit 3 and describes the metes and bounds of the Property.

25.  The Property is a six-bedroom, seven-bathroom single-family home with a current assessed value of approximately $1,600,000.

26.  Douglas MacKinnon's conveyance of the Property for one dollar to his wife and daughter was made with the intent to hinder, delay, and defraud present and future creditors, including the Government Plaintiffs.

27.  Amy MacKinnon was aware of the Government Plaintiffs' investigation into her husband, Douglas MacKinnon.

28.  Amy MacKinnon received income from certain debt-collection companies associated with Douglas MacKinnon.

29.  On May 12, 2015, Amy MacKinnon granted a mortgage for $900,000 (the Mortgage) on the Property to Matthew MacKinnon, Douglas MacKinnon's brother. The Mortgage was recorded with the Erie County Clerk on May 13, 2015—the same day that the quitclaim deed transferring the Property was recorded. A copy of the Mortgage is attached as Exhibit 4.

30.  The Mortgage was not granted in good faith. It was made with the intent to make it appear that the Property was encumbered and therefore not a potential source of recovery for Douglas MacKinnon's creditors.

31.  Douglas MacKinnon's transfer of the Property to his wife and daughter, Amy and Mary-Kate MacKinnon, was a transfer to an insider.

32.  Defendants each have a close relationship with one another based on their familial relationship.

33.  Following Douglas MacKinnon's transfer of the Property, he continued to reside at and exercise control over the Property for several years.

34.  Shortly before Douglas MacKinnon's transfer of the Property, he learned that he was under investigation by the Government Plaintiffs for his illegal debt-collection practices.

35.  At the time that Douglas MacKinnon transferred the Property, he was aware that the Government Plaintiffs would likely seek a judgment against him.

36.  At the time that Douglas MacKinnon transferred the Property, he believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

37.  Douglas MacKinnon has removed and concealed assets in an effort to render the Judgment obtained by the Government Plaintiffs uncollectable.

38.  Douglas MacKinnon received one dollar in exchange for the Property. The consideration that Douglas MacKinnon received for the Property was not a

reasonably equivalent value for the Property, which has an assessed value of approximately $1,600,000.

39.  The consideration that Amy MacKinnon and Mary-Kate MacKinnon paid for the Property was plainly inadequate.

40.  Because the Property was fraudulently transferred with intent to hinder, delay, or defraud a creditor, any tenancy by the entirety with respect to the Property has been terminated.

41.  Because the Property was fraudulently transferred with intent to hinder, delay, or defraud a creditor, Defendants are not entitled to claim any homestead exemption, including any exemption under New York CPLR § 5206, with respect to the Property.

## COUNT I
## By the Bureau
## Fraudulent Transfer Under the Federal Debt Collection Procedures Act
### (Douglas MacKinnon, Amy MacKinnon, and Mary-Kate MacKinnon)

42.  The Bureau realleges and incorporates by reference paragraphs 1–41.

43.  Douglas MacKinnon transferred 6575 Meghan Rose Way, East Amherst, New York 14051 to Amy MacKinnon and Mary-Kate MacKinnon as tenants in common for one dollar on May 13, 2015.

44.  Douglas MacKinnon's transfer of 6575 Meghan Rose Way, East Amherst, New York 14051 was made with the actual intent to hinder, delay, or defraud a creditor.

45. Douglas MacKinnon's transfer of 6575 Meghan Rose Way, East Amherst, New York 14051 was made without receiving a reasonably equivalent value in exchange for the transfer when Douglas MacKinnon believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

46. The Bureau seeks to void the transfer of 6575 Meghan Rose Way, East Amherst, New York 14051 in its entirety to partially satisfy the $60 million judgment that Douglas MacKinnon owes to the Government Plaintiffs.

### COUNT II
### By the State of New York
### Conveyance Made with the Intent to Defraud
### Under New York Debtor and Creditor Law, Article 10
### (Douglas MacKinnon, Amy MacKinnon, and Mary-Kate MacKinnon)

47. The State of New York realleges and incorporates by reference paragraphs 1–41.

48. Douglas MacKinnon transferred 6575 Meghan Rose Way, East Amherst, New York 14051 to Amy MacKinnon and Mary-Kate MacKinnon as tenants in common for one dollar on May 13, 2015.

49. Douglas MacKinnon's transfer of 6575 Meghan Rose Way, East Amherst, New York 14051 was made with the actual intent to hinder, delay, or defraud future creditors.

50. The State of New York seeks avoidance of the transfer of 6575 Meghan Rose Way, East Amherst, New York 14051 in its entirety to partially satisfy the $60 million judgment that Douglas MacKinnon owes the Government Plaintiffs.

51.  The State of New York seeks a money judgment against Amy MacKinnon and Mary-Kate MacKinnon for the value of the Property as transferees of the fraudulent conveyance of the Property.

## COUNT III
### By the State of New York
### Conveyance Made with the Intent to Defraud
### Under New York Debtor and Creditor Law, Article 10
### (Douglas MacKinnon, Amy MacKinnon, and Matthew MacKinnon)

52.  The State of New York realleges and incorporates by reference paragraphs 1–41.

53.  On May 12, 2015, Amy MacKinnon granted a mortgage for $900,000 on 6575 Meghan Rose Way, East Amherst, New York 14051 to Matthew MacKinnon.

54.  The conveyance of the Mortgage was made with actual intent to hinder, delay, or defraud future creditors.

55.  The State of New York seeks avoidance of the fraudulent Mortgage conveyance in its entirety.

56.  In the alternative, in the event that Matthew MacKinnon contends that the Mortgage has been satisfied in full, the Court should enter an order directing Matthew MacKinnon to file a satisfaction of mortgage as to the Mortgage with the Erie County Clerk or entry of an order declaring the Mortgage to be satisfied.

9

## COUNT IV
### By the Government Plaintiffs
### Declaratory Judgment
### (All Defendants)

57.  The Government Plaintiffs reallege and incorporate by reference paragraphs 1–41.

58.  The Government Plaintiffs seek a declaratory judgment that the transfer by Douglas MacKinnon of 6575 Meghan Rose Way, East Amherst, New York 14051 was fraudulent and is void.

59.  The Government Plaintiffs seek a declaratory judgment that the Mortgage granted by Amy MacKinnon to Matthew MacKinnon was not made in good faith.

60.  The Government Plaintiffs seek a declaratory judgment declaring that the fraudulent conveyance of the Property terminated any tenancy by the entirety in the Property.

61.  The Government Plaintiffs seek a declaratory judgment declaring that the fraudulent conveyance of the Property terminated any homestead exemption in the Property.

62.  The Government Plaintiffs seek a declaratory judgment declaring that the Property is subject to levy and execution to partially satisfy the Government Plaintiffs' Judgment.

## DEMAND FOR RELIEF

Wherefore, the Government Plaintiffs request that the Court enter an order:

1.   declaring that the conveyance described in paragraph 23 be set aside as a fraudulent conveyance under 28 U.S.C. § 3306 and New York State Debtor and Creditor Law §§ 276 and 278;

2.   declaring that the Judgment be declared a lien upon the Property under 28 U.S.C. § 3306 and the New York State Debtor and Creditor Law §§ 276 and 278;

3.   declaring that the Mortgage was not made in good faith;

4.   declaring that any tenancy by the entirety in the Property is terminated;

5.   declaring that any homestead exemption in the Property is terminated, but, if the Court determines that any Defendant is entitled to assert a homestead exemption, awarding the State of New York relief under New York CPLR § 5206(e);

6.   directing the levy and execution of the Judgment upon the Property and the sale of the Property by the United States Marshal or his representative, under 28 U.S.C. §§ 3306 and 2001, with the proceeds to be applied to the Judgment due to the Government Plaintiffs, together with interest to the date of the payment, plus costs and disbursement of this action or, alternatively, appointing a receiver to conduct a sale of the Property and thereafter pay over the proceeds of such sale to the Government Plaintiffs in partial satisfaction of the Judgment;

7.   awarding a money judgment against Amy MacKinnon and Mary-Kate MacKinnon for the value of the Property received by them as transferees of the fraudulent conveyance of the Property;

8.   awarding attorney's fees under DCL § 276-A; and

9.   granting the Government Plaintiffs such other and further relief as is

just and proper.


Dated:  April 22, 2021

Respectfully submitted,


LETITIA JAMES
Attorney General of the
State of New York

s/ Christopher L. Boyd
CHRISTOPHER L. BOYD
Assistant Attorney General
350 Main Street, Suite 300A
Buffalo, NY 14202
P: (716) 853-8457
F: (716) 853-8414
E: Christopher.Boyd@ag.ny.gov

*Attorney for Plaintiff*
*State of New York*

CARA M. PETERSEN
Acting Enforcement Director
JEFFREY PAUL EHRLICH
Deputy Enforcement Director
KARA K. MILLER
Assistant Deputy Enforcement Director

s/ Stefanie Isser Goldblatt
STEFANIE ISSER GOLDBLATT
Senior Litigation Counsel
P: (212)  328-7009
E: Stefanie.Goldblatt@cfpb.gov

STEPHANIE DUFF-O'BRYAN
Enforcement Attorney
P: (202)  288-7033
E: Stephanie.Duff-OBryan@cfpb.gov

1700 G Street NW
Washington, DC 20552

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*